***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUADREE SMITH, | |
| Petitioner, | Civil Action No. 14-7142 (KSH) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**HAYDEN, District Judge:**

Petitioner Quadree Smith, confined at the South Woods State Prison in Bridgeton, New Jersey, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging a 314-month sentence imposed by this Court, after a guilty plea, in *United States v. Dillard*, No. 03-0844, ECF No. 625 (D.N.J. entered Apr. 17, 2007) ("Crim. Dkt."), for racketeering and conspiracy to deal firearms. For the reasons stated below, the Court denies the Motion as time-barred.

### I. FACTUAL BACKGROUND

The Court recites only those facts relevant to this opinion. After Smith pleaded guilty to racketeering and conspiracy to deal firearms, this Court sentenced him to 314 months' imprisonment on April 17, 2007. Crim. Dkt., ECF No. 625. There is no record of Smith filing a direct appeal. Thereafter, there was no activity in the record until November 19, 2010, when he filed a letter requesting transcripts. Crim. Dkt., ECF No. 745. The instant Motion, which is dated October 28, 2014, was filed on November 13, 2014. ECF No. 1 at 17. The Court does not recite

details of Smith's conviction, nor the substance of the instant Motion, as the Court finds the Motion untimely, *infra*.

## II. DISCUSSION

### A. Statute of Limitations

Respondent contends that the Motion is time-barred, and the Court agrees. Title 28, Section 2255 of the United States Code requires that "[a] 1–year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). In most cases and in this particular case, the one-year period begins on "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1).

> [A] judgment of conviction becomes final within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003). Here, because Smith's judgment was issued by this Court on April 17, 2007, and he did not appeal that judgment, the instant Motion, dated October 28, 2014, more than seven years later, is unquestionably untimely under § 2255.

However, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84-85 (3d Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to equitable tolling. *Id.* at 85. "The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that '(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

2

prevented timely filing.'" *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (quoting *Holland*, 560 U.S. at 649). "The diligence required for equitable tolling purposes is reasonable diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800. "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (internal citations omitted).

Here, Smith argues that he is entitled to equitable tolling because "a prisoner's rights under the Interstate Agreement of Detainees Act [("IAD")] should not be subject to intentional or negligent sabotage of government officials." ECF No. 1 at 16. He further alleges that he "was misled by prison authorities and government officials when they failed to inform him of his speedy trial rights under the I.A.D." *Id.* However, even if the Court accepts Smith's allegations as true, the Court fails to see how they relate to the timeliness of the Motion.

The vast majority of claims alleging violations of speedy trial rights, be it under the Constitution, the Speedy Trial Act, or other statutory deadlines for criminal prosecution, involve allegations of negligence or bad faith by the government, and/or ineffective assistance of counsel to inform petitioners of their speedy trial rights, yet courts do not ignore or discount a statute of limitations defense against those claims. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (affirming a lower court's dismissal of a petitioner's Sixth Amendment speedy trial claim as barred

by the statute of limitations); *United States v. Galvan*, 408 F. App'x 224, 225 (10th Cir. 2010) (upholding the dismissal of a Speedy Trial Act claim as barred by the statute of limitations). Smith provides no reason why an IAD claim warrants different treatment. Even assuming Smith's allegations as true, there was nothing special about his IAD claim that would prevent him from discovering the claim within the statute of limitations period through the exercise of reasonable diligence. Indeed, Smith alleges that he discovered his claim after reading a case that was decided in 1980, or 27 years prior to his judgment of conviction, *see* ECF No. 1-2 at 1, yet he does not explain why he could not have located that case within the statute of limitations period. Smith may have been ignorant of the law, *see* ECF No. 1 at 16, but that has never been held as a valid reason for granting equitable tolling. *See Phillips v. Nogan*, No. 14-4933, 2015 WL 2090247, at *4 (D.N.J. May 4, 2015); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[L]ack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Indeed, if the "I did not learn until later" assertion was a valid reason for equitable tolling, every habeas petitioner can simply feign ignorance to avoid a statute of limitations bar, an absurd argument. Accordingly, the Motion is denied as time-barred.

### B. Certificate of Appealability

Last, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies

a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.  CONCLUSION

For the reasons set forth above, the Motion is DENIED as time-barred.

    s/Katharine S. Hayden
**Katharine S. Hayden, U.S.D.J.**

Dated:  April 5, 2017