IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUADREE SMITH,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HON. KATHARINE S. HAYDEN<br><br>Civil Action<br>No. 14-7142 (KSH)<br><br>**OPINION** |

**HAYDEN, District Judge:**

**I.    INTRODUCTION**

Presently before the Court is *pro se* Petitioner Quadree Smith's Rule 60(b) motion (at DE 23) seeking relief from the Court's April 5, 2017 order (at DE 16) denying his § 2255 habeas application (at DE 1) with prejudice. For the reasons stated herein, Smith's motion is denied.

**II.    BACKGROUND**

On September 21, 2006, Smith pled guilty to racketeering and conspiracy to deal firearms without a license, as charged in counts 2 and 49 of the third superseding indictment in his underlying criminal matter. (*See United States v. Smith*, No. 03-cr-844-02, Apr. 17, 2007 Crim. J., DE 625.) On April 17, 2007, the undersigned sentenced Smith to 314 months imprisonment for those crimes. (*See id.*) Smith never filed a direct appeal (*see* DE 15 at 1), and his criminal conviction therefore became "final" for habeas corpus purposes on May 1, 2007. *See United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014); Fed. R. App. P. 4(b).

Over seven years later, on or about October 28, 2014, Smith initiated the present habeas action seeking relief under 28 U.S.C. § 2255. (*See* DE 1.) The Court, agreeing with the Government that Smith's § 2255 habeas motion was time-barred because it was not filed within

one year from May 1, 2007, dismissed this § 2255 action with prejudice on April 5, 2017. (DE 16; *accord* DE 10 at 7 (citing 28 U.S.C. § 2255(f)(1)).) In so doing, the Court expressly considered – and rejected – Smith's contention that his habeas case was subject to equitable tolling. (*See* DE 15 at 2-4.)

The Third Circuit affirmed on September 7, 2017. (*See* DE 22.) The circuit court's one-page affirmance order (at *id.*) notes that: (1) "[j]urists of reason would not debate the determination that [Smith's habeas application] was not timely filed" (citing *Slack v. McDaniel*, 259 U.S. 473, 484 (2000)); (2) "[a]t the time of [Smith's] sentence, the facts underlying his § 2255 motion were known to him or could have been discovered then through the exercise of due diligence" (citing 28 U.S.C. § 2255(f)(4)); and (3) Smith also "failed to set forth any extraordinary circumstance that would justify equitable tolling of the time to file the claims raised in his § 2255 motion" (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Nearly two years later, on or about June 8, 2019, Smith filed the current Rule 60(b) motion (at DE 23) seeking relief from the Court's April 5, 2017 dismissal order.[1]

## III. ANALYSIS

Smith specifically seeks relief under Federal Rule of Civil Procedure 60(b)(1), which allows the Court to vacate a final judgment based on "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60's catchall provision, (b)(6), *i.e.*, for "any other reason that justifies relief." (*See id.* at 1.) Smith's attempt to obtain relief under (b)(1) is clearly untimely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under [(b)(1)] must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding."). Smith's request for relief pursuant to

---

[1] The Government has not filed opposition to the same. The fact that Smith's motion is unopposed, does not, in and of itself, entitle Smith to relief.

(b)(6), on the other hand, may be within time. *See id.* ("A motion under [(b)(6)] must be made within a reasonable time").

Ultimately, "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991); *accord Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (noting that Rule 60(b)(6), specifically, provides "extraordinary relief and may only be invoked upon a showing of exceptional circumstances."). Importantly, "a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Smith v. Nogan*, No. 17-259, 2019 WL 1435925, at *4 (D.N.J. Apr. 1, 2019) (quoting *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003); *accord Balter v. United States*, 410 F. App'x 428, 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where motion "simply rehashed arguments" made in previous motions).

Smith's present Rule 60(b) motion fails to present any credible "reason that justifies relief" from the Court's April 5, 2017 dismissal order under the foregoing standard. In that regard, Smith appears to be under the mistaken impression that because the substantive arguments raised in his § 2255 motion were, at least in his estimation, meritorious, it is irrelevant that he failed to present those claims to this Court in a timely manner. (*See*, *generally*, DE 23 (focusing almost exclusively on the strength of his underlying habeas claims).) With respect to the Court's prior equitable tolling ruling, Smith's present motion simply avers, in entirely conclusory fashion, that his habeas case "should be re-opened because this court incorrectly determined that his § 2255 [motion] was time-barred." (DE 23 at 9.) This cursory statement, however, fails to credibly suggest, much less

3

convincingly demonstrate, that the Court's denial of equitable tolling to Smith was incorrect. Nonetheless, says Smith, because the Court's April 5, 2017 dismissal of his habeas case was based exclusively on the untimeliness of his § 2255 motion, Rule 60(b) compels the Court to reopen this matter and consider the substantive arguments he raised therein. (*Id.*)

The Court disagrees. Timeliness is a threshold issue that habeas courts address *before* considering the merits of a petitioners' substantive habeas claims. Here, this Court – and the Third Circuit – concluded that equitable tolling did not save Smith's otherwise untimely § 2255 motion. This threshold finding obviated the need for the Court to address Smith's substantive habeas arguments. More critically, Smith's disagreement with the disposition of his habeas case on timeliness grounds, standing alone, is not a basis to grant relief under Rule 60(b). *See Wood v. Pierce*, Civ. A. No. 11-1115-GMS, 2017 WL 7388491, at *1-2 (D. De. 2017) (denying Rule 60(b) relief to movant who argued "that the [district] court erroneously denied his [habeas pleading] as time-barred" where: (1) the Third Circuit previously affirmed dismissal of his petition as untimely, and (2) his Rule 60(b) motion "merely assert[ed] his disagreement with the court's decision to deny his petition, and expand[ed] upon an argument the court already considered and rejected"); *Ceo v. Klem*, Civ. Action No. 07-3177, 2007 WL 2458029, at *1-2 (E.D. Pa. 2007) (denying Rule 60(b) relief where court previously dismissed movant's habeas petition as time-barred and the Third Circuit affirmed that dismissal). Smith's Rule 60(b) motion is accordingly denied.

## IV. CONCLUSION

For the reasons stated above, Smith's motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b) is denied. An appropriate Order accompanies this Opinion.

<u>December 10, 2019</u>   <u>Katharine S. Hayden</u>
Date                      KATHARINE S. HAYDEN
                          United States District Judge